J-A13028-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| KAITLIN A. FERGUSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| CURTIS A. FERGUSON | : | |
| Appellant | : | No. 1486 WDA 2025 |

Appeal from the Order Entered November 4, 2025
In the Court of Common Pleas of Clearfield County Civil Division at
No(s):  2025-1457-CD

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: JULY 9, 2026**

Appellant, Curtis A. Ferguson ("Father"), files this appeal from the November 4, 2025 final protection from abuse ("PFA") order entered in the Clearfield County Court of Common Pleas against Father and in favor of Kaitlin A. Ferguson ("Mother") and her two children ("the Children") for a period of three years.[1]  After careful review, we vacate and remand for proceedings consistent with this memorandum.

Given the nature of our disposition, we need not detail the full factual and procedural history of this matter.  On October 23, 2025, Mother filed a PFA petition and obtained a temporary PFA order against Father on behalf of

---

[1] In addition to her shared child with Appellant, Mother's child from another relationship was also named as a protected party.  While Appellant is only the biological father of one of the children, for purposes of this memorandum, we refer to him as "Father."

herself and the Children. *See* Temporary PFA Order, 10/23/25. The trial court scheduled a final PFA hearing for November 4, 2025. *See id.* A return of service, filed on October 30, 2025, reflects that the sheriff served Father with a copy of the temporary PFA order and notice of a final PFA hearing. *See* Sheriff's Return, 10/30/25. The court held a final PFA hearing on November 4, 2025. Mother was present and represented by counsel. Father, despite proper service, failed to appear.[2] *See* N.T., 11/4/25, at 1-2 (unpaginated); Final PFA Order, 11/4/25, at 2 (unpaginated). No testimony or documentary evidence was presented. *See* N.T., 11/4/25, at 1-2 (unpaginated). Instead, the trial court issued the subject final PFA order by default the same day as the hearing. As noted above, the trial court's November 4, 2025 order granted Mother and the Children protection from Father for a period of three years. *See* Final PFA Order, 11/4/25.

Father timely filed a notice of appeal on November 12, 2025.[3] On November 21, 2025, the trial court directed Father to file a concise statement

_____

[2] As noted *infra*, Father asserts that he appeared late for the subject hearing. *See* Father's Brief at 8 (unpaginated). It is unclear from the certified record whether Father actually did appear later that day, as claimed, or whether he completely failed to appear.

[3] Father's initial notice of appeal failed to identify the order he intended to appeal. *See* Notice of Appeal, 11/12/25, at 1 (unpaginated). On January 2, 2026, this Court ordered Father to file an amended notice of appeal in this Court specifying the order that he intended to challenge no later than January 12, 2026. *See* Order, 1/2/26. Father did not strictly comply with this directive. He filed an amended notice of appeal in the trial court on January

*(Footnote Continued Next Page)*

pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within 21 days. *See* Order, 11/21/25. On December 11, 2025, Father timely filed a document titled, "Judge Order of My Statement on What Happened."[4] *See* Statement,

_____

13, 2026, and, subsequently, he filed an amended notice of appeal in this Court on January 20, 2026. This amended submission clearly identified his intent to appeal the trial court's November 4, 2025 final PFA order. *See id.* On January 22, 2026, Mother filed an application to quash Father's appeal based upon, *inter alia*, his failure to timely comply with this Court's January 2, 2026 order. *See* Application to Quash Appeal, 1/22/26, at ¶¶ 5-10. On February 13, 2026, this Court denied Mother's application without prejudice to her ability to raise her claim concerning Father's late filing of an amended notice of appeal in her brief. Our review indicates that Mother has not re-raised this issue in her brief.

It is axiomatic that "to perfect an appeal from a lower court order, an appellant need only file a notice of appeal with the clerk of the lower court within the applicable time period allotted by [Pa.R.A.P. 903(a)]." *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014). "A timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective." *Id.* There is no question that Father timely filed an initial notice of appeal in compliance with Rule 903(a). *See* Notice of Appeal, 11/12/25, at 1 (unpaginated). While that filing was defective by failing to identify the order appealed, Father has since filed an amended notice of appeal, albeit eight days beyond the time period proscribed by this Court. *See* Amended Notice of Appeal, 1/20/26, at 1 (unpaginated). Under these circumstances, we decline to quash. *See*, *e.g.*, *Stout v. Universal Underwriters Ins. Co.*, 421 A.2d 1047, 1049 (Pa. 1980) (concluding that quashal for oversights related to the late docketing of a notice of appeal was inappropriate "when there has been substantial compliance and no prejudice").

[4] Regardless of the timeliness of his compliance, however, Father failed to strictly comply with the requirement that a concise statement be filed contemporaneously with a notice of appeal in children's fast track matters. *See* Pa.R.A.P. 905(a)(2), 1925(a)(2)(i). An oversight of this nature does not divest this Court of jurisdiction, but results in a "defective notice of appeal" that must be addressed on a "case-by-case" basis. *In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009). "'The extreme action of dismissal should be
*(Footnote Continued Next Page)*

12/11/25. Therein, Father asserted that he appeared late for the subject hearing because he suffers from a learning disability and, therefore, misunderstood the time set for the proceeding. *See id.* at 8 (unpaginated). He also presented his contrary version of events, which was diametrically opposed to Mother's allegations of abuse. *See id.* at 1-7 (unpaginated). Thereafter, on December 31, 2025, this Court designated this matter as a Children's Fast Track appeal.[5]

On appeal, Father presents the following issues for our review:

1[.] Did the trial court abuse its discretion and violate [Father's] due process rights by entering a final [PFA] order by default when [Father] was one hour late due to a misunderstanding of the hearing time and appeared at court later the same day?

2[.] Did the trial court abuse its discretion by refusing to reopen a final [PFA] order entered by default where [Father's] failure to appear was not willful and [Father] demonstrated a meritorious defense?

_____

imposed by an appellate court sparingly[] and clearly would not be appropriate when there has been substantial compliance with the rules'" and no party has "'suffered prejudice.'" *Id.* (quoting *Stout.*, 421 A.2d at 1049). This Court has declined to quash appeals where an appellant failed to comply with these directives but subsequently complied with an order of court directing them to file a concise statement. *See In re Adoption of Z.S.H.G.*, 34 A.3d 1283, 1286 (Pa. Super. 2011) (citing *K.T.E.L.*, 983 A.2d at 747-48). Thus, to the extent that Father preserved a challenge to Mother's allegations of abuse, we will not quash this appeal. *See id.*

[5] In lieu of a Rule 1925(a) opinion, the trial court issued an order on January 19, 2026, indicating its inability to prepare a Rule 1925(a) opinion due to what it perceived as Father's failure to specify any legal objections. *See* Order, 1/19/26.

- 4 -

Father's Brief at 4 (unpaginated).[6]

We review a PFA order according to the following standard:

> "In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." ***Boykai v. Young***, 83 A.3d 1043, 1045 (Pa. Super. 2014) (citation and internal quotation marks omitted). "The purpose of the PFA Act[, 23 Pa.C.S.A. § 6101 to § 6122,] is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse."[7] ***Buchhalter v. Buchhalter***, 959 A.2d 1260, 1262 (Pa. Super. 2008) (citations omitted).

***K.B. v. Tinsley***, 208 A.3d 123, 127 (Pa. Super. 2019); ***see also Kaur v. Singh***, 259 A.3d 505, 509 (Pa. Super. 2021).

In this case, Father argues that the trial court erred by entering the final PFA order without conducting an appropriate evidentiary hearing. ***See*** Father's Brief at 6-12 (unpaginated). As such, we turn to examine 23

---

[6] Mother filed a brief with this Court in support of the subject order and in contravention to Father's appeal.

[7] Section 6102(a) of the PFA Act defines "abuse" in pertinent part, as:

> The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
>
> (1) [R]ecklessly causing bodily injury . . . with or without a deadly weapon.
>
> (2) Placing another in reasonable fear of imminent serious bodily injury.

23 Pa.C.S.A. § 6102(a)(1), (2).

Pa.C.S.A. § 6107(a) of the PFA Act, which provides, in pertinent part, as follows, "Within ten business days of the filing of a petition under this chapter, **a hearing shall be held** before the court, at which **the plaintiff must prove the allegation of abuse by a preponderance of the evidence**." 23 Pa.C.S.A. § 6107(a) (emphasis added).[8] Interpreting this statute, "[t]his Court has held that under the PFA Act, evidentiary hearings are mandatory because the statutory use of the word 'shall' mandates that a trial court conduct such a hearing." **Moyer v. Shaffer**, 305 A.3d 1064, 1068 (Pa. Super. 2023), *citing* **Burke ex rel. Burke v. Bauman**, 814 A.2d 206, 208 (Pa. Super. 2002). Furthermore, this Court has interpreted the provisions of Section 6107(a) as establishing that the petitioner in a PFA proceeding has "the burden of proving her allegation of abuse by a preponderance of the evidence." **S.W. v. S.F.**, 196 A.3d 224, 231 (Pa. Super. 2018). In this context, preponderance of the evidence "is defined as the greater weight of evidence." **Id.** (citing **Raker v. Raker**, 847 A.2d 720, 724 (Pa. Super. 2004)). Thus, to prevail, the petitioner's evidence must have "tipped a scale slightly." **Id.**

---

[8] We note that an unpublished memorandum from this Court has suggested that 23 Pa.C.S.A. § 6107(c) ("Continued hearings") is unconstitutional as applied to circumstances not relevant here. **See L.K. v. C.W.**, 240 A.3d 151 (Pa. Super. 2020) (non-precedential decision).

We find this Court's holding in **Burke v. Kemerer**, 279 A.3d 1272 (Pa. Super. 2022) (non-precedential decision) to be highly instructive here.[9] In **Burke**, following the entry of a temporary PFA order, the trial court scheduled a final PFA hearing and provided notice to the respondent. **Burke**, 279 A.3d at *2. The respondent, however, failed to appear at the final PFA hearing. Consequently, the court entered a final PFA order by default without conducting an on-the-record hearing or considering any evidence from the petitioning party. **See id.**

On appeal, this Court vacated the final PFA order in **Burke** and remanded. We explained that "a final PFA is not permitted in an 'off the record' proceeding" predicated upon a party's default by failing to appear. **See id.** at *3. We also reaffirmed that "'[t]he Pennsylvania Legislature's use of the word 'shall' **requires** that the court hold an evidentiary hearing where the plaintiff has the opportunity to appear, with counsel, to submit evidence, and present witnesses in support of the allegation of abuse.'" **Id.** (quoting **H.M.H. on behalf of L.M.H. v. D.J.G.**, 210 A.3d 1045, 1048 (Pa. Super. 2019)) (emphasis added).

Given this statutory obligation, we reasoned:

> In this case, while [the respondent] received notice of the final PFA hearing . . ., the trial court issued the final PFA order without conducting the statutorily required hearing at which the

---

[9] Non-precedential decisions filed after May 1, 2019 "may be cited for their persuasive value." **See** Pa.R.A.P. 126(b)(2).

[petitioner] was required to establish the petition's allegations by a preponderance of the evidence. [The respondent's] failure to appear at the hearing did not excuse this mandatory requirement.

Accordingly, the trial court erred in entering a final PFA order without conducting a hearing at which [the respondent/appellant] proved the PFA petition's allegations by a preponderance of the evidence. . . . Hence, we vacate the final PFA order, reinstate the temporary PFA order and remand for the court to conduct a final PFA hearing at which [the respondent/appellant] must prove the allegations of the PFA petition before the court can enter a final PFA order.

*Id.* at *4.

Instantly, akin to **Burke**, the trial court failed to conduct an evidentiary hearing at which Mother was required to prove the allegations of the PFA petition by a preponderance of the evidence, as prescribed by Section 6107, prior to the entry of the final PFA order. The trial court's failure to abide by this basic procedural requirement constitutes clear legal error. **See id.** That Father had notice and failed to appear is of no moment. **See id.** Accordingly, we are constrained to vacate the final PFA order, reinstate the temporary PFA order and remand for the court to conduct a final PFA hearing at which Mother must prove the allegations of the PFA petition before the court can enter a final PFA order. **See id.**

Order vacated. Case remanded. Temporary PFA order reinstated. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>7/9/2026</u>